## 44947. FOOD SERVICE EQUIPMENT COMPANY, INC. v. FIRST NATIONAL BANK OF ATLANTA.

ARGUED JANUARY 5, 1970—DECIDED FEBRUARY 17, 1970— REHEARING DENIED MARCH 17, 1970—

*Powell, Goldstein, Frazer & Murphy, Wayne Shortridge, David R. Aufdenspring,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellee.

Bell, Chief Judge. 1. As defendant filed its financing statement four days after plaintiff, the issue is whether defendant has a perfected purchase money security interest in the collateral so as to entitle it to a special priority over plaintiff's claim under *Code Ann.* § 109A-9—312 (4), which provides: "(4) A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within 10 days thereafter." An *enforceable* title-retention agreement like the ones under consideration would constitute a purchase money security interest within the definition of that term. *Code Ann.* § 109A-9—107. To perfect this security interest and to be enforceable against the debtor and third parties, there must be a written agreement, signed by the debtor (*Code Ann.* § 109A-9—203 (b)) and the filing of a financing statement (*Code Ann.* § 109A-9—302 (1)). The record shows that defendant's financing statement was filed either at the time Summit received the equipment or within the ten-day grace period after the debtor received the property, with one exception. The heart of this

case lies in the question whether defendant had a signed security agreement with the debtor. Defendant argues that the placing of the initials and/or signatures on the face of the documents sufficed to authenticate the title-retention agreement on the reverse and as a consequence entitle it to priority over the disputed collateral. "Signed" as defined in the Uniform Commercial Code is "any symbol executed or adopted by a party with present intention to authenticate a writing." *Code Ann.* § 109A-1—201 (39). We do not believe the defendant received a signed security agreement from its debtor with reference to twenty-five of the sales orders where the only signing appears on the face of the instruments. The placing of the initials or signatures on the face shows nothing more than acknowledgment of receipt of the equipment. Furthermore, neither the sale order nor the delivery receipt makes any reference to the reverse side of the documents. Not only are the title-retention contracts devoid of any symbol which can be construed as being signed by the parties, but the defendant and Summit did not complete any one of the vital blank spaces in the printed form, which if completed might have given legal significance to an otherwise blank piece of paper. In short, the parties had no security agreement whatsoever. See *Code Ann.* §§ 109A-1—201 (3) and 109A-9—105 (h). Defendant is not entitled to the claimed special priority.

2. As regards the one instance where the general manager affixed his signature to the title-retention contract, defendant has admitted that it does not have priority over plaintiff, as to the collateral to which it relates, as its financing statement was filed more than ten days after delivery. The signing of this contract obviously did not operate to authenticate the others, for by its express terms it applies only to the property described on the sale order.

The trial court properly granted plaintiff's motion for summary judgment.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*